# West Chicago Street Railroad Company v. Charlotte E. Warren.

1. Verdict—*When Conclusive.*—Where the evidence is conflicting the verdict is conclusive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

## STATEMENT OF THE CASE.

This is an action by Charlotte E. Warren to recover damages for personal injuries, alleged to have been sustained by reason of the negligence of the West Chicago Street Railway Company. It appears from the record that on Sunday, July 19, 1891, the plaintiff, together with her niece, Mrs. Wyckoff, took passage on one of the defendant's Van Buren street cars, near Ashland avenue, and rode eastward until the car approached Fifth avenue, when she says she signaled the conductor to let her off. The plaintiff claims that her niece had left the car, and she herself was in the act of stepping off when the car started suddenly, and she was thrown to the ground, thereby sustaining a fracture of the thigh bone.

The defendant claimed that the plaintiff stepped off the car before it had stopped and while it was going round the curve from Van Buren street to Fifth avenue.

On the trial the jury returned a verdict for the plaintiff in the sum of $9,000. The plaintiff subsequently remitted $4,000, and judgment was entered against the defendant for $5,000.

The defendant appeals.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question in dispute in this case was one of fact; the defendant had, testifying in favor of its view of the way the accident happened, the greater number of witnesses, and it claims a very great preponderance of the evidence.

The testimony was conflicting, and of such a nature that we do not feel justified in reversing the finding of the jury, sanctioned, as it has been, by the trial judge.

The judgment of the Circuit Court is affirmed.